134 So.2d 430

Mamie Lee WILLIAMS

v.

STATE.

1 Div. 873.

Court of Appeals of Alabama.

Nov. 7, 1961.

Lee B. Williams, Grove Hill, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted of murder in the second degree, and punishment fixed at twenty years in the penitentiary for the killing of one Teresa Robinson.

The evidence shows that on Sunday night, October 23, 1960, the defendant and the deceased had an argument near the church both attended.

The evidence further shows that on the next morning the defendant went to the post office at Walker Springs. After leaving the post office she stopped in front of the local general store to talk with an acquaintance. Teresa Robinson appeared at the store and the argument was renewed. Defendant testified she left the store to walk to her home and the deceased, still arguing, followed her to the railroad crossing. When they reached the crossing they stood and argued for awhile and then deceased forced defendant in the direction of the depot. Deceased had a knife in her hand and was walking close to defendant's side. Defendant's physically handicapped child was along with them.

Defendant testified deceased backed her up against a gas tank at the depot, and had raised the knife up and was about to stab her when she shot and killed deceased.

The sheriff of Clarke County testified he found a knife at deceased's feet when he investigated the killing.

The railroad station agent testified he saw the women pass shortly before the killing but he saw no weapon. When he heard the shot fired he looked around the side of the building and saw the defendant with a gun and deceased was trying to take it from her. He saw no knife in the victim's hand and did not see one near her body.

No brief has been filed for appellant. The grounds of the motion for a new trial are that the court erred in refusing to give at defendant's request the general affirmative charge; that the verdict is contrary to the evidence and that the trial court committed reversible error in refusing to permit the defendant to exhibit her child to the jury.

The evidence presented questions for the determination of the jury and was sufficient, if believed by them to the required degree, to sustain the verdict. The court's rulings refusing the requested affirmative charge, and denying the motion for a new trial on the ground of the insufficiency of the evidence were without error.

The defendant testified her physically handicapped child was with her at the time she shot deceased; that the child could not run and deceased said if defendant ran she would hold the child and defendant would have to come back for him.

The defendant asked to be allowed to exhibit the child to the jury. The state objected and the court sustained the objection.

There was considerable evidence before the jury that the little boy was physically handicapped, and we cannot say that the defendant's substantial rights were probably injuriously affected by the court's ruling. Supreme Court Rule 45. Moreover, after the objection was sustained, the solicitor withdrew his objection by stating: "No, I don't even object to him bringing the boy out here," and no further request was made to exhibit the child to the jury.

We have carefully examined the record, and finding no reversible error, the judgment is due to be and is affirmed.

Affirmed.